Maximilian Moss, S.
As an incident to an account by trustees of the trust for the benefit of testator’s daughter, Marguerite Creem, which terminated by her death, a construction is sought of the validity of the attempted exercise of a power of appointment of the corpus of the trust under the will of testator’s daughter, Edna Savage Becker.
By article “ second ” testator.created a trust of his residuary estate, the income of which was to be paid to his wife during her life. Upon the latter’s death one third of the corpus of such trust was continued for the life of testator’s daughter, Marguerite Creem, with the income payable to her during her life. On her death the principal was payable to her issue per stirpes, and in default of issue, the principal was payable to a daughter, Edna C. Savage. The will further provided that if Edna C. ■Savage predeceased her sister Marguerite, the principal of said trust was payable to such person or persons as Edna C. Savage directed or appointed by her will. If not effectively appointed, distribution was to be made to next of kin of Edna C. Savage in proportions provided under the Statute of Distribution in effect at her death.
The widow, Eleanor J. Creem, died June 16, 1939. The daughter, Marguerite Creem, the secondary life beneficiary died September 4, 1959 leaving no issue. Edna C. Savage, known at her death as Edna Savage Becker, predeceased her sister Marguerite on June 26, 1954 leaving a will which was admitted to probate on July 9,1954. Under the third article of the will of Edna Savage Becker, her appointive power was exercised by creating further trusts for the benefit of her children, the principal payment to each child being deferred until they attained respective ages of 35, 40, 45 and 50 years.
The court holds that the appointment made under the will of Edna Savage Becker is invalid as violating the Rule against Perpetuities (Personal Property Law, § 11), in effect at the time of its exercise. The trust created thereunder suspended unlawfully the trust created under the testator’s will. The principal of the trust must therefore be distributed equally to said children of Edna Savage Becker living at her death as the alternative beneficiaries under the testator’s will.